IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN FITZGERALD HAWKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv691 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John Fitzgerald Hawkins, an inmate confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections should be overruled.

In his objections and supplemental petition, petitioner asserts claims of actual innocence and a miscarriage of justice. In *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the Supreme Court resolved a split among circuit courts by holding that a habeas petitioner can overcome the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations by making a convincing showing of actual innocence. *McQuiggin,* 133 S.Ct. at 1928 (referencing 28 U.S.C. § 2244(d)(1)). *McQuiggin* held that a petitioner is required to

produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" when attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence. *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851 (1995)). *McQuiggin* also held that an unjustifiable delay on the part of a habeas petitioner, while not to be counted as "an absolute barrier to relief," should still be considered as a "factor in determining whether actual innocence has been reliably shown." *Id.* Here, petitioner does not rely on newly discovered evidence, nor does he explain his unjustifiable delay.[1] Accordingly, petitioner's objections should be overruled.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

---

[1] The evidence on which petitioner relies reasonably could have been discovered at the time of trial. Further, it is noted that petitioner waited more than seven years after his conviction became final before he filed this petition. Petitioner also waited more than one year after the denial of his most recent state application for writ of habeas corpus before filing this petition.

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **3** day of **February, 2015.**

_____
Thad Heartfield
United States District Judge